UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| RAYMOND MAX SNYDER, | Case No. 3:17-cv-00537-MMD-CBC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| ADAM LISK, *et. al.*, | |
| Defendants. | |

**I.  SUMMARY**

This action arises from Plaintiff Raymond Max Snyder's alleged lending of money to Defendant Adam Lisk ("Adam") who in turned purportedly distributed the loaned money to Defendants Ryan Joseph Lisk ("Ryan"), Denise Lys Lisk ("Denise") and Coastal Construction and Consulting, LLC ("Coastal") (collectively, "Non-Contracting Defendants"). Before the Court is Non-Contracting Defendants' motion to dismiss ("Motion"). (ECF No. 16.) The Court has reviewed the briefs relating to the Motion (ECF Nos. 18, 19), and grants the Motion for the reasons stated herein.

**II.  RELEVANT BACKGROUND[1]**

The Court granted the parties' stipulation for Plaintiff to file an amended complaint by December 29, 2017. (ECF No. 12.) However, Plaintiff failed to file an amended

///

---

[1]The relevant facts are taken from the Complaint or exhibits thereto, unless otherwise indicated. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998)) (noting that a court may consider documents "properly submitted as part of the complaint" on a motion to dismiss).

complaint within the prescribed deadline. On February 6, 2018, Non-Contracting Defendants moved for dismissal.[2] (ECF No. 16.) The Court treats the initial Verified Complaint ("Complaint") as the operative complaint since Plaintiff did not file an amended complaint. The following facts are taken from the Complaint (ECF No. 1).

Plaintiff loaned Adam money in three separate transactions in June 2004, November 2005 and July 2006, as evidenced in three separate contracts attached as Exhibits 1 through 3 to the Complaint. Adam then distributed the money to Coastal, and its managing members and partners. Adam is the President of Coastal. Ryan and Denise are managing members of Coastal and are residents of North Carolina. Coastal is a North Carolina limited liability company with its principal place of business in Wilmington, North Carolina.

Adam has only repaid part of the loan, but has failed to repay the balance of the money loaned along with interests. He has admitted that he and Defendants owed Plaintiff money under the three loan contracts.

The Complaint asserts a single claim for unjust enrichment (first cause of action) against Non-Contracting Defendants.[3] (ECF No. 1 at 8–9.) Non-Contracting Defendants move for dismissal based on lack of personal jurisdiction and failure to state a claim. (ECF No. 16.)

### III.  LEGAL STANDARD

In opposing a defendant's motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of establishing that jurisdiction is proper. *Boschetto v. Hansin*, 539 F.3d 1011, 1015 (9th Cir. 2008). Where, as here, the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie

///

---

[2]Non-Contracting Defendants argue that the Court should dismiss the claim against them because of Plaintiff's failure to comply with the Court's order granting their stipulation for Plaintiff to amend his complaint. (ECF No. 16 at 6.) The Court declines to grant dismissal on this basis as the filing of the amended complaint was permissive. (*See* ECF No. 12 at 3 (giving Plaintiff more time to amend the Complaint).)

[3]The Complaint asserts contract based claims and claims for fraud and conversion against Adam. (ECF No. 1 at 9–15.)

showing of jurisdictional facts to withstand the motion to dismiss." *Brayton Purcell LLP v. Recordon & Recordon,* 606 F.3d 1124, 1127 (9th Cir. 2010) (internal quotation marks omitted). The plaintiff cannot "simply rest on the bare allegations of its complaint," but uncontroverted allegations in the complaint must be taken as true. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Amba Mktg. Sys.*, *Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)). The court "may not assume the truth of allegations in a pleading which are contradicted by affidavit," *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977), but it may resolve factual disputes in the plaintiff's favor, *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

**IV.     DISCUSSION**

Non-Contracting Defendants argue that the Court lack personal jurisdiction over them and the Complaint fails to state a claim for unjust enrichment. Because the Court agrees that it lacks personal jurisdiction, the Court declines to address the substantive argument as to the unjust enrichment claim.

Plaintiff relies on the following alleged contacts with Nevada as asserted in his attorney's declaration[4] in support of personal jurisdiction: "Ryan was in Nevada and Utah for the purpose of being a witness and support to his mother as she was suing and being used by [Plaintiff's] son Casey."[5] (ECF No. 18 at 14.) Such limited contact is not sufficient to give rise to personal jurisdiction over Ryan.

///

---

[4]Non-Contracting Defendants correctly point out that it is improper for Plaintiff to submit his attorney's affidavit ("the Affidavit") to offer facts in support of personal jurisdiction. (ECF No. 19 at 8.) Moreover, the Affidavit makes assertions about Adam's purported contacts with Nevada, but Adam's alleged contacts cannot be imputed to Non-Contracting Defendants for the Court to exercise personal jurisdiction over them. For example, the Affidvait states that Adam was in Nevada on or about December 13, and 14, 2017. (ECF No. 18 at 14.) But his alleged contact with Nevada in December 2017 had nothing to do with the loans in this case or with Non-Contracting Defendants.

[5]Plaintiff makes the following assertions in the opposition brief without any support: Adam and Ryan "were in Nevada in December 13 and 14, 2017 to personally receive a hard copy of [Plaintiff's] divorce filing and Ryan's appearances at his mother's hearing in adverse actions against [Plaintiff's] son"; and Ryan came to "Nevada and Utah in order to

A two-part analysis governs whether a court retains personal jurisdiction over a nonresident defendant. "First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute." *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994). Since "Nevada's long-arm statute, NRS § 14.065, reaches the limits of due process set by the United States Constitution," the Court moves on to the second part of the analysis. *See Baker v. Eighth Judicial Dist. Court ex rel. Cty. of Clark*, 999 P.2d 1020, 1023 (Nev. 2000). "Second, the exercise of jurisdiction must comport with federal due process." *Chan*, 39 F.3d at 1404–05. "Due process requires that nonresident defendants have certain minimum contacts with the forum state so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.* (citing *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945)). Courts analyze this constitutional question with reference to two forms of jurisdiction: general and specific jurisdiction.

### A.  GENERAL JURISDICTION

General jurisdiction in this case requires that Non-Contracting Defendants engage in continuous and systematic general business contacts that approximate physical presence in Nevada. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1074 (9th Cir. 2011). "The standard for general jurisdiction 'is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world.'" *Id.* at 1074 (quoting *Schwarzenegger*, 374 F.3d at 801). "To determine whether a nonresident defendant's contacts are sufficiently substantial, continuous, and systematic, [courts] consider their '[l]ongevity, continuity, volume, economic impact, physical presence, and integration into

///
///
///

---

get money for his mother from" Plaintiff and his son. (ECF No. 18 at 10.) The Affidavit states that only Adam was in Nevada on December 13 and 14, 2017. (*Id.* at 14.) The Affidavit states that "Ryan was in Nevada and Utah for the purpose of being a witness and support his mother as she was suing and being sued by [Plaintiff's] son," not that he came to Nevada to "get money for his mother.") (*See id.* at 14.*)*

4

the state's regulatory or economic markets.'" *Id.* (quoting *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006)).

Plaintiff appears to suggest general jurisdiction exists based on Ryan's limited contacts with Nevada. Plaintiff offers no evidence to oppose the Motion as to Denise or Coastal. Non-Contracting Defendants argue that the Court lack general jurisdiction over them because they are citizens of North Carolina, do not own property or have any business in Nevada, and their only connection to Nevada is a few visits that Ryan and Denise have made in the past ten (10) years to see friends and family in Nevada. (ECF No. 16 at 7–8; ECF No. 16-1 at 3; ECF No. 16-2 at 3; ECF No. 16-8 at 3.) The Court agrees with Non-Contracting Defendants. Even accepting the statements in the Affidavit, the only contacts Ryan has in Nevada was his appearance in Nevada "for the purpose of being a witness and support to his mother as she was suing and being used by" Plaintiff's son. (ECF No. 18 at 14.) Such contacts are insufficient to show that Ryan had substantial, continue and systematic contacts with Nevada to give rise to general jurisdiction.

### B. SPECIFIC JURISDICTION

Specific jurisdiction exists where "[a] nonresident defendant's discrete, isolated contacts with the forum support jurisdiction on a cause of action arising directly out of its forum contacts." *CollegeSource*, 653 F.3d at 1075. In the Ninth Circuit, courts use a three-prong test to determine whether specific jurisdiction exists over a particular cause of action: "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable." *Id.* at 1076 (quoting *Schwarzenegger*, 374 F.3d at 802)). The first prong, alternatively called purposeful availment or purposeful direction, is often determinative. *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir.

1  2006) (en banc). In addition, the party asserting jurisdiction bears the burden of
2  demonstrating only the first two prongs. *CollegeSource*, 653 F.3d at 1076 (citing *Sher v.
3  Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). If it does so, the burden shifts to the party
4  challenging jurisdiction to set forth a "compelling case" that the exercise of jurisdiction
5  would be unreasonable. *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–
6  78 (1985)).

Plaintiff fails to meet this burden. He does not even attempt to show that Ryan's limited contacts with Nevada "for purpose of being a witness and support to his mother as she was using and being used by" Plaintiff's son satisfy the second element of specific jurisdiction. (ECF No. 18 at 14.) There is no contention that the loans at issue or the facts supporting the unjust enrichment claim arise out of or relate to Ryan's purported activities in Nevada. In fact, the Complaint alleges that the three loan agreements were consummated in 2004, 2005 and 2006, respectively, and Plaintiff's demand to Adam for payments all occurred in 2012 and between April and July 2017 before Plaintiff initiated this action. (ECF No. 1 at 7.) There is no allegations that any of these transactions occurred in Nevada. Plaintiff makes no allegations in the Complaint or his opposition brief that Ryan or any of the other Non-Contracting Defendants had contacts with Nevada before this lawsuit was filed, let alone that the unjust enrichment claim arises out of or relates to their purported contacts with Nevada.

In sum, the Court agrees with Non-Contracting Defendants that Plaintiff fails to show that the Court has personal jurisdiction over them.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

///

///

It is therefore ordered that Defendants' motion to dismiss (ECF No. 16) is granted. Any claims against Defendants Ryan Lisk, Denise Lisk and Coastal Construction and Consulting LLC are dismissed without prejudice for lack of personal jurisdiction.

DATED THIS 5th day of September 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE