UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAYMOND MAX SNYDER,<br><br>          Plaintiff,<br>   v.<br>ADAM LISK, *et al.*,<br><br>          Defendants. | Case No. 3:17-cv-00537-MMD-CBC |

The Court ordered Plaintiff Raymond Max Snyder ("Snyder") to show cause why the Court should not dismiss the sole remaining named Defendant, Adam Lisk ("Adam"), from this action. (ECF No. 39.) Snyder had filed a motion for entry of default judgment ("Motion"), requesting the Court enter default judgment against Adam for failure to appear and defend in the case. (ECF No. 34.) In the process of reviewing the Motion, the Court undertook its affirmative duty to determine whether it, as a preliminary matter, had jurisdiction over the subject matter and parties in this case. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Upon inquiry, the Court surmised that it did not have personal jurisdiction over Adam. But, instead of sua sponte dismissing the matter, the Court issued an order to show cause, providing Snyder the opportunity to establish that the Court may properly exercise personal jurisdiction over Adam. *See id.* (ECF No. 39.) The Court afforded Snyder until October 20, 2018, to show such cause, in writing. (*Id.*) He has failed to do so. Consequently, the Court will dismiss the case.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a

case. *Thompson v. Hous. Auth. of City of L. A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court weighs several factors in deciding whether to dismiss a case: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic [alternatives]." *Id.* (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423, 1424 (9th Cir. 1986)).

Here, the Court finds that the first two factors weigh in favor of dismissal. The third factor, risk of prejudice to Defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading the Court ordered. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. The Court cannot decide the merits of a case over which it cannot properly exercise jurisdiction. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 431 (2007) (internal quotations and citation omitted) ("Without jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purpose of deciding the merits of the case.") Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the consideration of alternatives requirement. *Henderson*, 779 F.2d at 1424. The Court's order to show cause stated:

> It is therefore ordered that within 15 days from the entry of this order[1], Plaintiff must show cause, in writing, why Adam should not be dismissed from this action for lack of personal jurisdiction over him. As Adam is the sole remaining named defendant, failure to show cause within the prescribed time will result in the action being dismissed with prejudice in its entirety.

(ECF No. 39.) Therefore, Snyder had adequate warning that dismissal would result from his noncompliance with the Court's order to show cause within the prescribed timeframe.

It is therefore ordered that Adam is dismissed from this action because Snyder failed to comply with the Court's order that he show cause that the Court may exercise

///

---

[1] The Clerk of Court specifically noted "by 10/20/2018." (ECF No. 39.)

2

personal jurisdiction over Adam. Because Adam is the only remaining named Defendant, Snyder's case is dismissed in its entirety, without prejudice.

It is further ordered that Snyder's Motion for Default Judgment (ECF No. 34) is denied as moot.

The Clerk is directed to enter judgment and close this case.

DATED THIS 22nd day of October 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE